IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLIFTON M. HEAL,<br>and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>512 CREATIVE SOLUTIONS, LLC,<br>LULING SPORT, LLC, BRANDON<br>DADY and MATTHEW ANDRESEN,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00588-ADA-SH<br>**COLLECTIVE ACTION** |

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLIFTON M. HEAL (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, sues Defendants, 512 CREATIVE SOLUTIONS, LLC, LULING SPORT, LLC, BRANDON DADY, and MATTHEW ANDRESEN (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof state as follows:

## SUMMARY

1.　Defendant LULING SPORT, LLC owns and/or operates a highly exclusive golf club in Luling, Texas known as Luling Sport. Membership fees reportedly are $1,000,000 and yearly maintenance fees are $50,000 per year.

2.　Defendant LULING SPORT, LLC is owned and/or operated by Defendant MATTHEW ANDRESEN. LULING SPORT, LLC employs Defendant

1

512 CREATIVE SOLUTIONS, LLC to assist in the day-to-day operation of Luling Sport, including calculating and paying compensation to workers at Luling Sport. Defendant BRANDON DADY is the general manager of 512 CREATIVE SOLUTIONS, LLC and assists, as a representative of 512 CREATIVE SOLUTIONS, LLC, in the day-to-day operations of Luling Sport.

3.      Defendants have failed to pay Plaintiff, and those similarly situated, their overtime wages as required under the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201 *et seq.* Throughout Plaintiff's employment and the employment of most, if not all, workers, Defendants misclassified the workers employed at Luling Sport as independent contractors and only paid straight time for all hours worked, including hours which exceeded 40 hours per week.

## **INTRODUCTION**

4.      This is a collective action by Plaintiff, and others similarly situated, against Plaintiff's employers for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs on behalf of himself and other similarly situated employees.

## **JURISDICTION**

5.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants 512 CREATIVE SOLUTIONS, LLC and LULING SPORT, LLC have offices in Travis County, Texas, and Defendants BRANDON DADY and MATTHEW ANDRESEN are residents of Travis County, Texas.

## THE PARTIES

7. Defendant 512 CREATIVE SOLUTIONS, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains an office or location in Travis County, Texas.

8. Defendant LULING SPORT, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains an office or location in Travis County, Texas.

9. Defendant BRANDON DADY is an individual residing in Travis County, Texas, and, at all times material hereto, assisted in managing the Luling Sport golf course and facilities as the general manager of 512 CREATIVE SOLUTIONS, LLC.

10. Defendant MATTHEW ANDRESEN is an individual residing in Travis County, Texas, and, at all times material hereto, assisted in the management and operation of Luling Sport as a manager/owner of LULING SPORT, LLC.

11.    Plaintiff, CLIFTON M. HEAL, is an individual residing in Guadalupe County, Texas.

12.    Plaintiff, CLIFTON M. HEAL, worked at Luling Sport from September 26, 2025, through January 10, 2026, performing building maintenance work.

13.    Plaintiff, and most, if not all, workers at Luling Sport were classified and paid as independent contractors. Such workers include GX ("golf experience") girls, groundskeepers, housekeepers, mechanics, laundry workers, office staff, floaters, and maintenance workers (hereinafter "Class Workers").

14.    The Class Workers were generally some of the lowest paid and lowest skilled workers employed at Luling Sport.   They were paid by the hour.   The Class Workers were not hired for specific projects and they expected continuous employment at Luling Sport.   LULING SPORT, LLC and/or 512 CREATIVE SOLUTIONS, LLC provided all tools, machinery, materials and other supplies for Class Workers to perform their work.   Class Workers had to make no investment of their own to work at Luling Sport.   Class Workers worked when scheduled by their employer at Luling Sport and had no opportunity for profit or loss on account of their own managerial or business skills.

15.    During Plaintiff's employment, all Defendants, at one time or another, required Class Workers to work overtime hours for which they were not properly compensated. For example, Plaintiff typically worked near or in excess of 50 hours

each workweek but was only paid straight time for his work in excess of 40 hours in the workweek, resulting in unpaid overtime wages.

16.   All Class Workers received straight time compensation for any hours worked in excess of 40 in a workweek.

17.   At all times material to this complaint, Defendant LULING SPORT, LLC employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

18.   At all times material to this complaint, Defendant 512 CREATIVE SOLUTIONS, LLC employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

19.   At all times material to this complaint, Defendant 512 CREATIVE SOLUTIONS, LLC, employed workers who utilized, handled and otherwise worked with vehicles, tools, equipment, materials, foods, alcoholic beverages or other objects which had been moved in or produced for interstate commerce outside the state of Texas.

20.   At all times material to this complaint, Defendant LULING SPORT, LLC, employed workers who utilized, handled and otherwise worked with vehicles, tools, equipment, materials, foods, alcoholic beverages or other objects which had been moved in or produced for interstate commerce outside the state of Texas.

21.     At all times material to this complaint, Defendant 512 CREATIVE SOLUTIONS, LLC was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

22.     At all times material to this complaint, Defendant LULING SPORT, LLC was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

23.     At all times material to this complaint, Defendants were the employer of the Plaintiff and other Class Workers and, as a matter of economic reality, Plaintiff and the Class members were dependent upon Defendants for their employment.

24.     Plaintiff and Class members reported their time to LULING SPORT, LLC; however, they received their paychecks from 512 CREATIVE SOLUTIONS, LLC.

25.     At all times material to this complaint, 512 CREATIVE SOLUTIONS, LLC's most financially significant client was Defendant LULING SPORT LLC.

26.     At all times material to this complaint, MATTHEW ANDRESEN, individually and as owner/manager of LULING SPORT, LLC, actively engaged in the day-to-day operations of Luling Sport, maintained an office at Luling Sport, and either initiated or had final approval on matters significant to the operation of Luling

6

Sport.   For example, MATTHEW ANDRESEN, on a regular and recurring basis, would walk the golf course at Luling Sport and order specific repairs, maintenance, modifications, or upkeep be performed by Class Workers, either directly or through BRANDON DADY.

27.    At all times material to this complaint, BRANDON DADY, individually and as the general manager of 512 CREATIVE SOLUTIONS, LLC, actively engaged in the day-to-day operations of Luling Sport and either initiated or approved matters of significance to the operation of Luling Sport.

28.    In his role as general manager of 512 CREATIVE SOLUTIONS, LLC, BRANDON DADY reported to MATTHEW ANDRESEN and performed work at MATTHEW ANDRESEN's direction.

29.    On numerous occasions during times relevant to this complaint, Defendant MATTHEW ANDRESEN, individually and on behalf of LULING SPORT, LLC, ordered BRANDON DADY or others employed with 512 CREATIVE SOLUTIONS, LLC, what Class Workers to schedule and when, who to fire, who to hire, work assignments to Class Workers, and who to promote at Luling Sport.

30.    On numerous occasions during times relevant to this complaint, BRANDON DADY, individually and on behalf of 512 CREATIVE SOLUTIONS,

LLC, hired, fired, and approved or set schedules for Class Workers in his sole discretion unless directed otherwise by MATTHEW ANDRESON.

31.    MATTHEW ANDRESON, individually and as an owner/manager of LULING SPORT, LLC, ordered BRANDON DADY to pay the Class Workers on the payroll with 512 CREATIVE SOLUTIONS, LLC as independent contractors with no premium pay for hours worked over 40 in a week.

32.    BRANDON DADY, individually and as a general manager for 512 CREATIVE SOLUTIONS, LLC, maintained time, pay, and employment records or instructed and supervised administrative personnel at 512 CREATIVE SOLUTIONS, LLC to maintain such records.

33.    Based on the facts alleged above, the Defendants were joint employers of the Class Workers as defined under 29 CFR § 791.2.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

34.    Plaintiff and all others similarly situated, 1) occupied positions of groundskeepers, housekeepers, mechanics, laundry workers, office staff, floaters, maintenance workers, and GX girls; 2) did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive overtime pay for all hours worked over 40 in a week.

35.    Throughout the employment of Plaintiff and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor

8

Standards Act by failing to compensate Plaintiff and Class members at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 in a workweek.

36.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF 512 CREATIVE SOLUTIONS, LLC AND LULING SPORT, LLC, WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS, PAID AN HOURLY RATE AND WERE NOT PAID TIME AND ONE-HALF THEIR REGULAR RATE FOR ALL HOURS WORKED IN EXCESS OF 40 IN THE WORKWEEK.

37.    This action is properly brought by the Plaintiff as a collective action for the following reasons:

    a.    The Class is so numerous that joinder of all Class Workers is impracticable.

    b.    Numerous questions of law and fact regarding the liability of Defendants are common to the Class Workers and predominate over any individual issues which may exist.

    c.    The claims asserted by Plaintiff are typical of the claims of Class members and the Class is readily ascertainable from Defendants' own records. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Plaintiff will fairly and adequately protect the interests of Class members.  The interests of Class members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, experienced class action counsel represents Plaintiff.

    e.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to

individual Class members which would establish incompatible standards of conduct for Defendants.

f.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.   Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38.   For the foregoing reasons, Plaintiff seeks Court-ordered notice be issued affording Class members the opportunity to "opt-in" pursuant to 29 U.S.C. §216(b) for all overtime claims asserted by Plaintiff because his claims are nearly identical to those of other Class members. Plaintiff and Class members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan regarding employee wages and hours.

39.   In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

40.   Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

41.   Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently

with regard to its obligations as employers under the FLSA.

42.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

43.     As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

44.     Plaintiff, and all others similarly situated, are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CLIFTON M. HEAL, and all others similarly situated, demand Judgment against Defendants, jointly and severally liable, for the following:

a.     A determination that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class members.

b.     Ordering prompt notice of this litigation to all potential Class members.

c.     Awarding Plaintiff and Class members declaratory and/or injunctive relief as permitted by law or equity.

d.     Awarding Plaintiff and Class members their compensatory damages,

service awards, attorneys' fees, and litigation expenses as provided by law.

e.  Awarding Plaintiff and Class members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded.

f.  Awarding Plaintiff and Class members liquidated damages and/or statutory penalties as provided by law.

g.  Awarding Plaintiff and Class members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CLIFTON M. HEAL, and others similarly situated, demand a jury trial on all issues so triable.

Respectfully submitted this March 30, 2026.

ROSS SCALISE BEELER AND PILLISCHER LAW GROUP

CHARLES L. SCALISE
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**

12

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2026, I electronically filed the foregoing with the Clerk of Court for the Western District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Charles L. Scalise*
Charles L. Scalise