**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Clifton M. Heal** ***and all others similarly situated,*** ***Plaintiffs*** | § § § | |
| **v.** | § § | **1:26-cv-00588-ADA-SH** |
| **512 Creative Solutions, LLC, Luling Sport, LLC, Brandon Dady, and Matthew Andresen,** ***Defendants*** | § § § § | |

**ORDER**

Now before the Court are Defendant 512 Creative's Motion to Stay Discovery or, Alternatively, for Protective Order, filed September 23, 2026 (Dkt. 45); Defendants Luling Sport, LLC, Matthew Andresen, and Brandon Dady's Motion to Stay Discovery or Alternatively, for Entry of a Protective Order, filed September 29, 2026 (Dkt. 48); and the associated response and reply briefs.[1]

## I. Background

Plaintiff Clifton M. Heal and all others similarly situated bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants 512 Creative Solutions, LLC, Luling Sport, LLC, Matthew Andresen, and Brandon Dady. Plaintiff alleges that Defendants misclassified him and similarly situated workers – whom he identifies as groundskeepers, housekeepers, mechanics, laundry workers, office staff, floaters, maintenance workers, and GX ("golf experience") girls – as independent contractors and did not pay them

[1] The Honorable Alan D Albright (ret.) referred this case to this Magistrate Judge for disposition of all nondispositive motions and report and recommendation on all dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, and Judge Albright's Standing Magistrate Judge Referral Order. Dkt. 6.

overtime pay, in violation of the FLSA. Second Amended Complaint, Dkt. 28 ¶¶ 3, 13. Plaintiff seeks damages for unpaid overtime.

Defendants moved to dismiss under Rule 12(b)(6), and those motions remain pending. Dkts. 32, 33. Defendants now ask the Court to stay all discovery under Rule 26(c) pending a ruling on their motions to dismiss or, in the alternative, for a protective order. The Court heard arguments on the motions to stay discovery during a status conference on October 14, 2026, at which all parties appeared through counsel.

## II. Legal Standards and Analysis

Under Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

The FLSA protects employees (not independent contractors) by establishing a minimum hourly wage, maximum work hours, and overtime compensation for work beyond 40 hours per week. 29 U.S.C. §§ 206(a)(1), 207(a). Employees may pursue their wage claims as a collective action if they are "similarly situated." *Id.* § 216(b). Fifth Circuit precedent requires the court to identify the facts and legal considerations "material to determining whether a group of 'employees' is 'similarly situated'" at the outset of the case. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). After appropriate discovery, the trial court must decide whether the evidence supports finding the workers to be similarly situated. *Id.* at 442-43. In doing so, the court must determine whether the "merits questions" of the case "can be answered collectively." *Id.* at 442. Only then may the case proceed as a collective action. *Id.* at 443.

In *Swales*, the Fifth Circuit clarified that the amount of discovery necessary to make the determination whether employees are similarly situated "will vary case by case, but the initial determination must be made, and as early as possible." *Id.* at 441.

> For example, in a donning and doffing case, notice might be justified when the pleadings and only preliminary discovery show sufficient similarity between the plaintiffs' employment situations. In those types of cases, the plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job. So, a district court will not likely need mountains of discovery to decide whether notice is appropriate. In another case . . . where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery to determine whether notice is going out to those "similarly situated."

*Id.* at 441-42.

A trial court has broad discretion in all discovery matters, *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022), including the power to stay discovery pending determination of preliminary matters that may dispose of a case, *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Motions to dismiss raising threshold challenges to FLSA claims "are not uncommon and have not generally resulted in staying discovery." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-CV-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *see also 360 Mortg. Grp, LLC v. LoanCare LLC*, No. 1:18-CV-332 RP, 2018 WL 6272034, at *1 (W.D. Tex. Nov. 30, 2018) ("While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.").

As stated on the record during the hearing, the Court finds that Defendants have not shown good cause to stay discovery. Under Rule 26 and *Swales*, the requested discovery is relevant to whether the proposed class is similarly situated to Plaintiff and whether Plaintiff and the proposed class are employees or independent contractors.

## III. Conclusion

For these reasons, the Court **DENIES** Defendant 512 Creative's Motion to Stay Discovery or, Alternatively, for Protective Order (Dkt. 45) and Defendants Luling Sport, LLC, Matthew Andresen, and Brandon Dady's Motion to Stay Discovery or Alternatively, for Entry of a Protective Order (Dkt. 48).

**SIGNED** on October 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE